## WM. SYER v. L. F. BUNDY—J. GREEN, Warrantor.

The rights of a vendee are not affected by a notification of an adverse claim, after the sale is completed, and he has paid his money and issued his note.

Under the Act of 1843, the Parish Recorder is fully authorized, to erase from his books a mortgage after its peremption, and in the absence of fraud one is not bound to look beyond the certificate given by the recorder to that effect.

Where title is set up under a Sheriff's sale for taxes, it is essential to show an assessment according to law.

Such a description of property in a Sheriff's deed, as "square No. 19, situated in Bloomingdale," is insufficient.

A prayer for general relief may be available in certain cases, for instance, it may be aptly called in aid to explain vague and obscure allegations or averments, but for no other purpose.

In a petitory action, it is not necessary for the plaintiff to show any act of possession.

APPEAL from the District Court of the Parish of Jefferson, *Burthe*, J. *J. Dunlap*, for plaintiff and appellant. *Durant & Horner*, for defendant and warrantor.

VOORHIES, J. The plaintiff and appellant claims the ownership of a square of ground situated in *Bloomingdale*, parish of Jefferson, and described in Buisson's plan as No. 19. He alleges in his petition, that he purchased this property from *William Burns*, of Baltimore, Md., by notarial act, which was duly registered in the recorder's office of the parish of Jefferson, on the 28th of April, 1853 ; and that said *Burns'* vendor owned and possessed said property since the year 1837. He further alleges that the defendant, pretending to have title to said property, has illegally taken possession thereof and refused to surrender the same. He therefore prays, that he may be adjudged to be the lawful owner of said square of ground, and that the defendant may be condemned to restore him the possession of the same, and further decreed to pay him the value of the rents of said property from the 1st of May, 1853, at the rate of $300 per annum.

The defendant, in his answer, after pleading the general issue, avers that he holds the square of ground in controversy, by purchase from *John Green*, by notarial act, dated the 27th of April, 1853, and duly recorded ; and that his vendor is bound to warrant and defend his title to said property. He therefore prays that his said vendor, *John Green*, may be cited and called in warranty.

*John Green*, in his answer to the call in warranty, denies all the allegations set forth in the plaintiffs' petition ; and charges, that the title set up by the plaintiff is fraudulent and simulated, and concocted for the purpose of defrauding him. He further avers, that on the 9th of January, 1837, being the projector of the town of Bloomingdale, he sold the square of ground in controversy, to *Michael Buckley*, for the price of $1200, in his notes of $300 each, payable at six months, and at one, two and three years ; that said notes, bear-

ing a special mortgage and the vendor's privilege, were duly registered in the mortgage office of the parish of Jefferson, and remained patent on the record up to the day of the sale by which the plaintiff acquired his title; and that the plaintiff and his vendor well knew that said notes were still due to him. He further avers, that on the 3d of January, 1845, he purchased said property at a judicial sale made by the Sheriff of Jefferson, for the payment of the State and parish taxes, due thereon from the year 1839 to the year 1844; and that about one or two years previous to his conveyance of said property to the defendant, he had actual possession of the same. He therefore prays for judgment in his favor, with costs and all general relief.

The conveyance from *Buckley* to *Burns*, is by an act under private signature, dated the 10th of June, 1838, and registered in the Recorder's office of the parish of Jefferson, on the 25th of April, 1853. By the terms of this act, the vendee assumed the payment of the notes executed by the vendor in favor of *John Green*, and originally given as the price of said property. The conveyance to the plaintiff was executed by *Walter Carswell*, of New Orleans, as the agent of *William Burns*.

On the trial below, the plaintiff excepted to the admission of the testimony of Mr. *Arnault* and Mr. *Lewis*, who were examined as witnesses for the warrantor, on the grounds that "it was inadmissible under the pleadings, was irrelevant and was *res inter alios*, to which the plaintiff, *Syer*, was a stranger." The testimony of Mr. *Arnault*, the Recorder of the parish of Jefferson, shows that *John Green's* mortgage against *Buckley*, was canceled and erased by him on the 25th of April, 1853, on the written application of *Walter Carswell*, on the ground that both the notes and mortgage were prescribed, the registry of which having been made more than ten years prior to the application; and that previous to the registry of the conveyance from *Burns* to the plaintiff, *Carswell*, was informed that the notes of *Buckley* held by *Green* were still due, and that *Green* had purchased the property at a Sheriff's sale for taxes. The testimony of Mr. *Lewis*, the notary, shows that on the day on which the conveyance was completed and signed, but after the notes and cash were delivered to *Carswell* by the plaintiff, the latter was informed of *John Green's* claim. This testimony only proves that the plaintiff was notified of *Green's* mortgage claim after the consummation of the conveyance from *Burns* to him, and, consequently, too late to affect his interest. But even admitting for a moment that such notice had been seasonably given, it is difficult for us to perceive in what manner it could have affected the position of the litigants. The Recorder was fully authorized under the Act of 1843, to erase from his books *Green's* mortgage after its peremption, and, in the absence of fraud, it is perfectly clear that the plaintiff was not bound to look beyond the certificate given by the Recorder to that effect. Hence there is no necessity to notice the bill of exceptions.

It is urged by the warrantor, that the act *sous seing privé* from *Buckley* to *Burns*, was not recorded until the 25th of April; 1853, and that the act of sale to him from the Sheriff of the 3d of December, 1845, for taxes, was regularly registered. It is not shown that this sale was made by virtue of a legal assessment. It is well settled, that where title is set up under a Sheriff's sale for taxes, it is essential to show an assessment according to law. 6 N. S. 348. 10 L. 283. 7 L. 50. Besides, the property is described in the Sheriff's deed as "square No. 19, situate in Bloomingdale." Such a description has been held

insufficient. See *Carmichael* v. *Akin's heirs*, 13 L. R. 205, and *Jacques* v. *Kopman*, 6 Ann. 542.

It is also urged by the warrantor, that *Buckley* having failed to perform his engagements according to the terms of the sale, a commutative contract always implying the resolutory condition, he was entitled to claim either the dissolution of the contract, or a specific performance; and that it may be demanded either by suit or exception. We are of opinion that this point is inadmissible under the pleadings : there is neither averment nor prayer in the warrantor's answer claiming such relief. It is true, a prayer for general relief may be available in certain cases; for instance, it may be very aptly called in aid to explain vague and obscure allegations or averments; but for no other purpose, otherwise, even though it were not in violation of the rules of pleading, we think it would be giving our sanction to a very unsafe precedent in practice. But even conceding, for a moment, that the relief sought may be implied from the pleadings, still it is obvious that the warrantor's position is untenable, because *Buckley* and *Burns* are not parties to this suit. Between the original parties, *Buckley* and *Green*, it may be safely conceded, that the non-payment of the price may be considered as an exception attached to the action and inseparable from the demand, and to which the maxim of " *Quæ temporalia sunt*," may be very properly applied ; but in respect to the plaintiff, who must be considered as a third person, holding as a purchaser in good faith under the vendee of *Buckley*, we apprehend the rule to be totally different in its operations.

It is also urged by the warrantor that neither *Buckley*, nor *Burns*, nor *Syer*, ever had possession under their titles. This is a petitory and not a possessory action; consequently, it is not necessary for the plaintiff to show any act of possession. Besides, it cannot be denied by *Green*, that his vendee was in possession, for the law considers the tradition or delivery of immovables as always accompanying the public act which transfers the property.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; that the plaintiff, *William Syer*, be and he is hereby adjudged to be the lawful owner of the square of ground described in his petition; and that the defendant surrender the same over to him, and in case of his refusal to do so, that a writ of possession issue as the law directs; and that the plaintiff recover of the defendant the costs of both courts, to be taxed. And in relation to the claim of the defendant against his warrantor, as the evidence is considered insufficient to enable the court to do justice between the parties, it is ordered and decreed, that the case be remanded for further proceedings according to law.

SLIDELL, C. J. I concur with Mr. Justice Voorhies, in the opinion that the notification of *Green's* claim to *Syer*, after the sale was completed, and he had paid his money and issued his note, did not affect *Syer's* rights. But upon the question what *Syer's* rights would have been, if he had been notified of *Green's* claims before the purchase, it seems to me unnecessary to express an opinion; and I wish to be considered as expressing none.