### H. PARGOUD *v.* J. PACE.

Under the Code of 1808, inheritances accruing to minors could only be accepted with the authority of the Judge, by the advice of a family meeting; and not purely and simply, but with the benefit of inventory. Similar provisions exist in the Code of 1825.

Property acquired by the husband as a donation or as a confirmation of a settlement right, by the award of a Board of Commissioners in May, 1811, ratified by Act of Congress, does not enter into the community of acquets.

A sale by one of the partners of all her interest in a partnership theretofore existing between them, including stock in trade, merchandize of every kind, credits in Ouachita parish, and in New Orleans and elsewhere, real estate, slaves, cash, &c., is, as to the real estate, void as to third persons, for want of a description of the thing sold. Nor can such a description be eked out by parol evidence.

APPEAL from the District Court of Ouachita, *R. W. Richardson,* J. *McGuire & Ray,* for plaintiff and appellant:

A sale of property belonging to minors without the forms of law, although

PARGOUD
v.
PAGE.

said to be null, is only relatively null, and may be ratified expressly or tacitly by prescription. *Vaughan* v. *Christine*, 3 An. 329; 6 R. 473; 9 R. 84. By suffering four years to elapse after majority their right of action is prescribed.

The rules which govern in sales of property belonging exclusively to minors are different from those which govern sales by administrators, in which minors may have an eventual interest. *Richard*, administrator v. *Deuel*, 11 R. 509; 10 id. 458.

Nullity in the sale of minors' property, or property in which they have an interest, can only be taken advantage of by themselves, and that by a direct action; and they must place things as they were, return the price, &c. *Bank of Louisiana* v. *Delery*, 2 An. 648; 6 N. S. 361; 6 L. 605; 10 M. 281; 9 L. 305; 4 R. 206; 10 M. 735; 3 M. 457.

All actions for immovables or an entire estate, is prescribed by thirty years — C. C. 3512, 3465; Code of 1808, p. 486, Arts. 65 and 66—without title. 7 L. 259; 15 id. 576. Possession with title, prescription is ten years if the owner is present, and twenty years if absent. Code of 1808, p. 486, Arts. 67 and 68; C. C. 3442, 3443; 2 R. 467; 3 An. 8; 15 L. 109; 4 N. S. 222.

*Baker & Harris*, for defendant.

BUCHANAN, J. This is a petitory action. The plaintiff in his petition appears to put his claim of the *locus in quo* entirely upon the prescription of thirty years. On this subject, it is sufficient to say that he has failed in showing possession having the character required by Article 3466 of the Civil Code.

He has, however, given in evidence two titles, one purporting to be a sale by authentic act from the widow and heirs of *Joseph Piboto*, passed before the parish Judge of Ouachita, on the 28th July, 1814; and the other, a patent from the United States, dated the 1st August, 1838.

The sale of the 28th July, 1814, is a nullity on its face, so far as it purports to convey the title of the minors *Piboto*. The person who professes to act for them, styles herself the widow of *Joseph Piboto*, (or *James Piboto*, for the name is differently written in different parts of the deed,) and the mother of his minor children.

But she does not pretend to have qualified as tutrix, nor to act in that capacity; neither to sell in pursuance of any authority of the Court, or with any of the previous formalities required for the alienation of the estate of minors. Again, the said minors are styled heirs pure and simple of *James Piboto*, deceased; and the record shows that Mrs. *Piboto*, on the same day she made this deed, appeared before the parish Judge, and in the name of the minor children, accepted purely and simply the inheritance of their father, *Joseph Piboto*. But the Code of 1808, in force at that time, contained the same provisions as the Code of 1825, on the subject of the acceptance of inheritances accruing to minors. They could only be accepted with the authority of the Judge, by the advice of a family meeting; and not purely and simply, but with benefit of inventory. The illegality of the proceedings are so gross, that it excites astonishment how they could have escaped the attention of the parish Judge, before whom the declaration of acceptance and the deed were passed.

The widow of *Joseph Piboto* does not appear to have had any interest, personally, in the property conveyed by the deed of 28th July, 1814. It was acquired by her husband as a donation, or confirmation of a settlement right, by the award of a board of commissioners, in May, 1811, ratified by Act of Congress. Property thus acquired did not enter into the community of acquets. C. C. of 1808, p. 336, article 64. 1 N. S. 334. 4 N. S. 212. 5 N. S. 98. 4 An. 248. 5 An. 212.

Two heirs, of full age, of *Joseph Piboto*, *William* and *Augustus Piboto*, joined in this conveyance of the 28th July, 1814. Their quality of heirs rests in part upon a declaration purporting to have been made by the widow *Piboto*, on the 15th August, 1813, to the admission of which in evidence a bill of exceptions was taken, on the ground that it was not signed. The objection was well taken, and appears even to have been sustained by the District Judge, so far as to direct the jury not to regard this document in making up their verdict.

But there is other evidence in this record, not objected to, which establishes the quality of children and heirs assumed by these two vendors. We allude to the inventory of *Joseph Piboto's* estate, to which they are parties; and the acceptance of his succession by them, by act before the parish Judge.

The conveyance in question, being thus sustained for two-fifths, it remains to be seen how far it benefits the present plaintiff.

The vendees in the deed are *John F. Girod* and the widow *Chol.* The plaintiff has been recognized by judgment of Court, as heir of *John F. Girod*, but he has failed to show a conveyance to his ancestor, of widow *Chol's* interest in this land. He has given in evidence a deed of sale, dated 28th August, 1816, from widow *Chol* to *John F. Girod*, of all her interest in a partnership theretofore existing between them, including stock in trade, merchandise of every kind, credits in Ouachita parish, and in New Orleans, and elsewhere, real estate, slaves, cash, &c., Such a sale of real estate cannot be considered as binding against third parties, for the want of a description of the thing sold. To eke it out by parol evidence, would be a violation of the rule of evidence in relation to the sales of real estate contained in the Code. See also C. C. of 1808, p. 388, article 5.

The sale of 28th July, 1814, was not made to *Girod* and the widow *Chol*, as partners in trade. We think the plaintiff has not established a right in himself to the interest of the widow *Chol*, in the land sold by *William* and *Augustus Piboto*, but only to that of *John F. Girod;* and as those two vendors were, by their own declaration, heirs of their father for two-fifths, it follows that the title conveyed by them to *John F. Girod*, individually, was one undivided fifth, for which the plaintiff is entitled to judgment.

As to the patent from the United States, exhibited by plaintiff, the number of the section in which the land is situated, does not correspond with that of the land in controversy in this suit, as contained in defendant's answer. And if it did, it would seem that the title of the United States to the *locus in quo* had been divested many years before the date of the patent, by the confirmation to *Joseph Piboto*, under which the plaintiff claims.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed; and that plaintiffs recover of defendant one undivided fifth, (deducting one-fifth of the value of improvements put upon the place by defendant,) of the land described in the answer filed in this case; that the parties be referred back to the District Court, for the purpose of making a partition; and that the defendant and appellee pay costs of appeal—those of the District Court to abide the ultimate decision of the cause.