## No. 9261.

### JOSEPH OTERI VS. SALVADOR OTERI.

Where a partner has retained the right to dissolve the partnership at his pleasure and on a given day orders the books to be balanced for the purpose of ascertaining the interest of the retiring partner, but on the completion of that work fails and neglects to pay the sum thus found to be due, and the retiring partner remains in daily attendance and does in the business of the firm precisely what he had always done without remonstrance or complaint of the dissolving partner, the partnership will be held to have continued until this latter has abandoned his position or has been driven from it, or the former has done some overt act signifying that the dissolution has already taken place.

Where an error has been made in the judgment of the lower court in favour of the appellee which he endeavours to correct, and applies to the lower judge to correct it and to the opposing counsel to permit its correction, he will not be mulcted in the costs of appeal because this court does what he vainly endeavoured to have done below.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*Jos. P. Hornor* and *F. W. Baker* for Plaintiff and Appellee.

*W. S. Benedict* and *J. W. Gurley* for Defendant Appellant.

The opinion of the Court was delivered by

MANNING J. The plaintiff and defendant are brothers and were partners in the fruit and general commission business. Under their partnership articles Salvador had the privilege of dissolving the firm at pleasure and of continuing the business thereafter on his own account, in which case no liquidation of its affairs was to be had, but the books were to be at once balanced and the amount found to the credit of Joseph thereon was to be paid to him in full of his interest in the partnership. They quarreled on the first of August 1883 and the bookkeeper was ordered by Salvador to balance the books for the purpose of ascertaining Joseph's interest. This occupied several days but was finished about the 10th. or 12th. and disclosed his interest to be $28,942,83.

Joseph accepted the statement as correct and was ready to receive the sum thus reported to be due. Some objection was made that a waggon and team and other articles were not included, and five hundred dollars was agreed to cover his interest in them. Salvador delayed paying these sums until the 24th. of August, but on that day they were paid in full and publication was made that the firm was dissolved on the 1st. This advertisement was made by Salvador.

Joseph maintains that the firm was dissolved on the 24th. and this suit is for the recovery of his half of the profits from the 1st. to the 24th.

During this interval Joseph remained in the shop and attended to his usual duties—the same duties he had attended to before. One of these was to draw and sign cheques on the banks, and this he did down to the last day. He even drew and signed with the firm name the cheque for twenty eight thousand and odd dollars that paid his interest. That being done with Salvador's assent, who until then refused or hesitated to pay, Joseph announced to the clerk, salesmen, and other employees that his connection with the firm had ceased and went his way.

Of course Joseph could not by any particular line of conduct establish that the partnership lasted until the 24th if it really ended on the 1st. That would shew only his construction of it, but Salvador's conduct tallied with his brother's. He saw his brother daily taking the same part in the management of the business that he had hitherto done, keeping the petty cash and paying it out, drawing cheques for the daily transactions of the firm, etc. and did not forbid it nor make any objection to him. It seems he talked with his lawyer about ejecting his brother but no complaint was made by him to Joseph of interference with the business. The latter had announced his intention to quit so soon as he received payment of his share, and would have quitted when the books were balanced and his interest ascertained had the amount due him been then paid. He did quit the day it was paid, and refused to sign the receipt reciting that it was in full of his share up to the dissolution, asserting then as he does now that the books were balanced only up to the 1st. and therefore shewed only what was his share up to that date.

It is not pretended that Joseph was employed in any subordinate capacity. His supervision and management of the firm business was the same between the 1st. and 24th. that it had always been. Those departments of the business that were under his care before the 1st.

continued under his care until the 24th. in full view of Salvador and tacitly with his consent. The partnership ended on the 24th. and Joseph is entitled to his share of its profits up to that date.

There is a grave error in the judgment below in decreeing the plaintiff one half of $8,731.23 the profits of the trip No. 20 of the steamer S. J. Oteri. This item is not included in the petition and no evidence was offered touching it. The error was caused doubtless by the fact that a commission upon the cargo of that trip was the item claimed and upon which evidence was introduced. That commission is $876.95, one half of which is claimed by the plaintiff. The cargo was not sold until after the 24th. viz on the 26th., but the commission is for advancing and securing the cargo as well as for selling it, and for the former the money and credit of the firm was used. We shall allow the plaintiff one fourth of the entire commission $219.24.

There was omitted from the judgment below the item of $221.50 commission on the cargo of the schooner Santo Oteri which was sold between the 1st and 24th. August one half of which is due the plaintiff.

While the judgment is to be amended in the plaintiff's favour in these respects, the excision of the large item of over eight thousand dollars or the half of it would throw the costs of appeal upon him, but for the fact that the item is not there through his fault. He called the lower court's attention to the error and pressed for its correction, and asked the opposing counsel to consent to its correction. He could do no more.

As the error is none of his and he did all he could to have it corrected in the trial court he should not be mulcted in costs. Kohn v. Schooner Renaisance, 5 Ann. 25; Baudoin v. Tete. 10 Ann. 69.

It is therefore ordered and decreed that the judgment of the lower court is amended by striking out "one half of eight thousand seven hundred and thirty one 22–100 dollars," and by inserting therein two hundred and nineteen 24–100 dollars being one fourth of the commission upon the cargo of the steamer S. J. Oteri on trip No. 20, and also inserting one hundred and ten 75–100 dollars being one half of the commission upon the schooner Santo Oteri, and as thus amended that it be affirmed, the defendant to pay costs in both courts.

Rehearing refused.