## W. C. PEARCE v. FLORA PERKINS ET AL.

1. TAX-TITLE. *Assessment. Failure to return roll. Act of* 1887. *Case.*

   A special act for Monroe county (Laws 1877, p. 109) required the land
   assessment-roll to be returned on the first Monday in July, 1877. At
   the August term the minutes of the board of supervisors recited that,
   on account of sickness, the assessor was not present with the roll, and
   directed notice to be given that the matter of examining it be postponed
   until the first Monday in September. On the eighth day of the Septem-
   ber term the minutes recited that the roll was presented. *Held,* that
   the roll was not returned at the time required by law, and a sale for
   taxes based thereon is void.

2. TAX-DEED. *Description. Uncertainty. Reference to roll.*

   A patent ambiguity in the description of land in a tax-deed made in 1875
   cannot be aided by reference to the assessment-roll, if the deed itself
   contains no such reference. The mention of the reputed owner's name
   in the deed is not such a reference in aid of the description. *Bowers* v.
   *Andrews,* 52 Miss., 596.

3. SAME.  *Insufficient description.   Case.*

    Accordingly, a tax-collector's deed which describes land thus: "owner's
name, C. Dowd, bal. sec. 8, T. 12, R. 17," and the deed from the state as,
"bal. sec. 8, T. 12, R. 17," are void for uncertainty of description, and
cannot be aided by reference to the assessment-roll.

4. TAX-TITLE.  *Three years' possession.   Wild land.   Code* 1880, § 539.

    In order to entitle a purchaser at tax-sale to the benefit of the statute of
limitation prescribed by § 539, Code 1880, "the actual occupation for
three years, after one year from the day of sale," must be of at least
a part of the land, and must be continuous for three years.

5. SAME.  *Void description.   Lapse of time.   Code* 1871, § 1709.

    Section 1709, code 1871, which prohibits suits to invalidate tax-titles after
three years from the time of sale, does not apply where the tax-deed is
void for uncertainty of description.

FROM the chancery court of Monroe county.

HON. BAXTER McFARLAND, Chancellor.

Pearce, the appellant, filed this bill June 1, 1891, seeking
confirmation of certain tax-titles.   The bill sets out a num-
ber of purchases from the state of distinct tracts of lands, and,
as to a part of the lands so purchased, he obtained a decree
confirming his title.   But, as to certain other tracts, the bill
was dismissed, and complainant appeals.   It is unnecessary
further to add to the facts stated in the opinion.

*E. H. Bristow,* for appellant.

1. Appellant's title to the land in section 8 is good, because,
(1) the assessment, levy and sale to the state, and the state's
deed to appellant, of themselves, are valid; and (2), if not,
the error is cured by proof *aliunde* of what land was sold.   I
admit that, if the deed itself must show definitely the land
sold, the description is insufficient; but, every tax-deed made
by the state includes and refers to not only the assessments
and lists of land sold to the state, but the government sur-
veys and maps.   The same liberal principles must be applied
as are applicable to execution sales, in which the essential·
things are the judgment, execution, levy and sheriff's deed.

*Virden* v. *Bowers*, 55 Miss., 1.   The most important element is the assessment.   No failure to observe the statutory requirements vitiates a description on the assessment-roll. Code 1871, § 1676.   In this case, the roll shows what the word "balance" means.   We know from government surveys how many lots are in section 8, and, as certain of the lots are assessed by numbers, the "balance" must mean all the other lots in the section.   In the same way we can identify the land on the lists and as sold by the state.   The word "balance" is relative, and can be identified.   If it were "part of section 8," it would be different, as "part" is an absolute term, incapable of a fixed meaning.   See *Brown* v. *Guice*, 46 Miss., 299.   In *Bowers* v. *Andrews*, 52 Miss., 596, the roll, when referred to, contained the same insufficient description, and could not aid in identifying the land sold, as it can and does in this case; and so in *Dingey* v. *Paxton*, 60 Miss., 1038. In *Cogburn* v. *Hunt*, 54 Miss., 675, the court held that the assessment and sales lists did not aid the description, thus implying that they could be looked to.   In *Selden* v. *Coffee*, 55 Miss., 41, relied on by appellee, there was no attempt to cure the insufficient description by averment or reference.

2. But, if the description be insufficient, the three years' statute (Code 1871, § 1709) bars any attack.   The curative force of the statute applies to all defects, and bars any kind of attack.   *Jones* v. *Brandon*, 59 Miss., 585; *Berry* v. *Gibson*, 66 *Ib.*, 515; *Sigman* v. *Lundy*, *Ib.*, 522; *Pipes* v. *Farrar*, 64 *Ib.*, 514; *Jonas* v. *Flanniken*, 69 *Ib.*, 577; *Nevins* v. *Baily*, 62 *Ib.*, 433; 1 Blackw. on Tax Titles, § 520; 2 *Ib.*, §§ 925, 928; 1 W. & S., 175.

3. The assessment of 1877 was valid.   There is nothing in the record to show affirmatively that the roll was not presented at the July term.   But I submit that such a thing as the accidental sickness of an assessor, and his consequent absence, would not hopelessly vitiate an assessment beyond the power of the board to postpone the presentment and ap-

proval. It has been decided that the approval may be post-poned. *Wolfe* v. *Murphy*, 60 Miss., 1.

4. Granting the roll to be defective, the defects have been cured by the three years' possession. Code 1880, § 539; *Nevins* v. *Baily*, 62 Miss., 433. "Actual occupation" of wild land means nothing more than such exclusive holding as the land is susceptible of, and which is not interfered with by any other claimant. It may be actual, though not corporal. *Davis* v. *Bowmar*, 55 Miss., 671; *Ford* v. *Wilson*, 35 *Ib.*, 490. See also 2 Blackw. on Tax Titles, § 914. Possession and oc-cupation are convertible terms. *McGee* v. *Holmes*, 63 Miss., 50; *Pipes* v. *Farrar*, 64 *Ib.*, 514; *Lewis* v. *Siebels*, 65 *Ib.*, 252; 21 Ill., 178; 121 *Ib.*, 455; 30 Iowa, 242; 19 Cal., 688.

*Sykes & Richardson* and *Clifton & Eckford*, for appellees.

1. The roll of 1877 was not presented at the July term, and is therefore void. *Stovall* v. *Connor*, 58 Miss., 138; *Harris* v. *Stockett*, *Ib.*, 825; *Fanning* v. *Frenches*, 60 *Ib.*, 541; *Wolfe* v. *Murphy*, *Ib.*, 1. Appellee denies that any actual possession has been shown in appellant.

2. The tax-deed to the land in section 8 is clearly void, for uncertainty of description. *Bowers* v. *Andrews*, 52 Miss., 596; *Brown* v. *Guice*, 46 *Ib.*, 299; *Dingey* v. *Paxton*, 60 *Ib.*, 1038; *Cogburn* v. *Hunt*, 54 *Ib.*, 675; *Selden* v. *Coffee*, 55 *Ib.*, 41. Section 1676, code 1871, does not aid the description, as it is patent. *Cogburn* v. *Hunt, supra.*

3. The proof failed to show that appellant had been in act-ual or adverse possession. The three years' statute (Code 1880, § 539) can therefore have no application. As to what constitutes possession, see *Dickson* v. *Cook*, 47 Miss., 220; *Huntington* v. *Allen*, 44 *Ib.*, 654; *Ellis* v. *Murray*, 28 *Ib.*, 129; *Alexander* v. *Peck*, 39 *Ib.*, 737.

COOPER, J., delivered the opinion of the court.

The minutes of the board of supervisors show that a new assessment of the lands in the county for the year 1877 was

ordered to be made under the provisions of the act of January 31, 1877 (Laws, p. 109); and they also affirmatively show that the roll made by the assessor was not returned to the board on the first Monday of July, 1877, as by that act was required.

At the August term the board, by an order on its minutes, recited that on account of sickness the assessor was not present with his roll, and directed notice to be given that "the matter of examining and correcting said rolls be postponed, and set for the meeting to be held on the first Monday of September next."

The September term began on Monday, the third day, and on the eighth day of that term an entry was made on the minutes that the roll was presented to the board by the assessor. Under no reasonable construction of these entries can it be assumed that the roll had been returned at the time required by law. The decisions of this court are numerous and uniform that such a defect of the proceedings to assess vitiates the roll, and that sales for taxes under an assessment of this character are void.

The evidence for the complainant fails to show such possession of the land, in sections 17 and 18, which were sold under the assessment of 1877, as to protect the tax-title under § 539 of the code. That section declares that "actual occupation for three years, after one year from the day of sale, of any land held under a conveyance by a tax-collector, in pursuance of a sale for taxes, shall bar any suit to recover such land, or assail such title because of any defect in the sale of such land for taxes, or in any precedent step to such sale."

The possession necessary to put in operation this statute, must be an actual occupation of at least a part of the land, and continuous for the time named. The chancellor rightly held that complainants were not entitled to any relief as to the lands in sections 17 and 18.

The other lands as to which relief was denied to complain-

ants consists of a part of section 8, township 12, range 17. This land was sold to the state on the 1st day of March, 1875, for the taxes of 1874, and was afterwards conveyed by the auditor to the complainant. In the conveyance from the tax-collector to the state the land is described as " owner's name, C. Dowd, balance section 8, township 12, range 17;" and from the state to the complainant as " balance of section 8, township 12, range 17, west." The chancellor held these conveyances to be void, for uncertainty in the description of the subject-matter.

Counsel for appellant offered in evidence with the deed the assessment under which the sale was made on which the whole of section 8 (the same being a fractional section) was assessed, the assessment being as follows :

" Thomas R. Dansby, lot 1, section 8, township 12, range 17. Cornelius Dowd, lot 7, section 8, township 12, range 17. Cornelius Dowd, balance section 8, township 12, range 17."

Upon this evidence counsel argues that the assessment, the sale and conveyance to the state, and the conveyance from the state to complainant, are to be looked at as parts of one whole, each supplementing and explaining the other, and that, so considered, there is no ambiguity in the deed. Counsel would, under this construction, read the assessment-roll, so far as it refers to this land, about as follows : " Balance of section 8, being all of said section except lots one and seven," and then read the conveyance to the state and from the state to complainant, as " balance of section 8, township 12, range 17, as assessed for the taxes of the year 1874."

It is evident that if the deed alone can be looked to, it is void for uncertainty, for the words " balance of section 8, township 12, range 17 " present a palpable and patent ambiguity, for the face of the deed discloses that the subject-matter cannot be known from the description alone. We have been unable to discover any authority for the proposi-

tion advanced by counsel that the assessment-roll is to be taken as a part of the deed, though not referred to in it. The assessment of the land, being essential to the exercise of the power of sale, is referred to in conveyances by tax-collectors as showing the existence of the power to sell, and that the sale is in execution of the power given by the roll; but a somewhat protracted examination of the text-books and decisions has failed to discover any case in which a conveyance under a tax-sale presenting a patent ambiguity is held to be aided by the fact that the description of the lands in the deed is also found on the roll, and that the roll is found to refer to some other fact, the existence of which makes certain the otherwise ambiguous description of the land.

In *Bowers* v. *Andrews*, 52 Miss., 596, the description of the land was, "lot and residence in Madison Station, for the taxes assessed to the reputed owner thereof, Thomas McMahon, for the year 1871." It was held that the words "for the taxes assessed to the reputed owner," etc., were used to state the reason and authority of the act, and not as descriptive of the thing sold. But Chalmers, J., delivered a concurring opinion, in which, after stating that the words above quoted were not used as descriptive of the thing sold, proceeded to show that, if they should be read as a reference to the tax-roll as containing a more particular description of the land sold, the deed would not be aided, since the description on the roll was precisely that in the deed. Counsel for appellant treat this discursive suggestion of the judge as authority for the proposition that the deed may be aided by the roll, a conclusion which is not supported by the decision.

We are unable to perceive upon what principle the defective deed can be aided by the description of the property on the roll. In *Kelly* v. *Reed*, 57 Miss., 89, Judge George intimated an inclination on his part to aid an insufficient description of chattels in a mortgage by reading therein, by necessary im-

plication, the statement that the property conveyed was the property of the grantor, but yielded to the contrary view entertained by his associates, and held the conveyance void. So in this case, we think it not permissible to read into the deed a statement that the land sold is that assessed to Cornelius Dowd in section 8, other than lots 1, 7 and 8. The deed must stand alone, for it does not refer to any other thing in aid of the description, and, standing alone, it is void for uncertainty.

Being unable to determine what land was sold for taxes, it is manifest that the lapse of time has not obviated the difficulty, and that section 1709 of the code of 1871, which declared that "no suit shall be commenced in any court in this state to invalidate any tax-titles to lands after three years from the time said land was sold for taxes," did not cure the defect. Looking at the deed to complainant, we do not know what land was sold for taxes, and we cannot say that the deed means now, aided by the statute, any thing more than it did originally.

*The decree is affirmed.*