(40 South. 682.)

No. 15,775.

IBERIA CYPRESS COMPANY, Limited, v. THORGESON et al.

(Feb. 26, 1906.)

1. TAXATION — TAX DEEDS — EVIDENCE OF SALE.

A duly recorded tax deed to the state, made pursuant to section 53 of Act No. 85, p. 130, of 1888, and showing on its face the observance of all the formalities prescribed by the statute, must, under constitutional provisions, be received as evidence establishing a prima facie valid sale.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 1555–1559.]

·2. SAME—SALE—TITLE ACQUIRED.

A tax sale to the state, made pursuant to law for taxes due on an assessment against the owner of a tract of land, who does not redeem within the year, necessarily vests the ·legal title to the property in the state.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 1463.]

.3. SAME — VALIDITY OF SALE — BURDEN OF PROOF.

Where, in such a case, plaintiff in an ac- .tion of trespass derives his title from the state, and the defendant asserts title from the alleged widow and heirs of the tax debtor, and assails the tax sale on the ground that the assessment was null because made in the name ·of a dead man, *held*, that the burden of proof was on the defendant to show the death of the tax debtor prior to the time of the assessment.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 1565, 1606.]

.4. DEATH—EVIDENCE—HEARSAY.

The testimony of a single witness to the .effect that the tax debtor left the state in 1883, .and that the witness heard that the absentee was drowned during the same year by the sinking of a "swamp boat," is purely hearsay, and therefore insufficient to establish the fact of death prior to the assessment in the year 1890.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, §§ 5, 6.]

.5. EVIDENCE — PRESUMPTIONS — FAILURE TO CALL WITNESSES.

Where the wife and the sons of the tax debtor were living in the parish where the trial was had, and were not called as witnesses by the defendant to testify as to the alleged death ·of the husband and father prior to 1890, the presumption is that their testimony would not have aided defendant in establishing such contention.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 97.]

6. INJUNCTION—COSTS—ATTORNEY'S FEES.

Plaintiff in injunction is not entitled to attorney fees as damages in case of a trespass on wild land.

[Ed. Note.—For cases in point, see vol. 27, ·Cent. Dig. Injunction, § 420.]

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District ·Court, Parish of Iberia; Andrew Thorpe, judge ad hoc.

Action by Iberia Cypress Company, Limit- .ed, against T. A. and Gus. Thorgeson. Judgment for plaintiff, and defendants appeal. Affirmed.

Weeks & Weeks and J. Zach. Spearing, for appellants. Burke & Burke, for appellee.

LAND, J. Plaintiff alleging ownership of a certain quarter section of land and that defendants were trespassing thereon by deadening, cutting, trailing, and removing cypress timber, and were about to remove therefrom and dispose of at least 400 trees, sued the defendants for $2,500 damages, and also sued out writs of sequestration and injunction to protect its alleged rights of ownership pendente lite. Plaintiff prayed for judgment maintaining and perpetuating the said writs and for the amount of damages claimed. Defendant excepted that the petition was too vague, general, and indefinite to permit them to properly answer thereto.

Plaintiff supplemented the petition by alleging continuous, actual, and uninterrupted possession in itself and authors under various conveyances dating back to a duly recorded sale made in 1901 for taxes for the year 1900, and pleaded the curative prescription of three years under article 233 of the Constitution of 1898. Plaintiff prayed that its plea of prescription be sustained, and its title decreed legal, valid, and impervious to any and all attacks leveled against it on account of its tax origin.

Defendants, after pleading the general issue, set up title from the widow and heirs of James H. Bergess, acquired in March, 1901, and possession in themselves and authors of said tract of land up to the time of the institution of the present suit. Defendants further averred that the writs had been wrongfully sued out and had damaged them in the sum of $2,500, and prayed for judgment dissolving said writs and for the sum claimed as damages; and defendants further prayed for judgment in their favor recognizing them "as the sole and only owners and possessors of the property described in plaintiff's petition."

The parties went to trial on these pleadings, both claiming title to and possession of the same tract of land.

There was judgment in favor of plaintiff, decreeing defendants to be trespassers, and

maintaining and perpetuating the writs sued out without damages, and condemning the defendants to pay all costs of suit. Defendants have appealed, and plaintiff has prayed that the judgment be amended by condemning defendants to pay the amount of damages claimed in the original petition. Plaintiff has also pleaded in this court the prescription of five and ten years.

In 1877 James Henry Bergess, of the parish of St. Martin, purchased the tract of land in controversy from the state of Louisiana. In 1891 this same tract was adjudicated to the state of Louisiana for delinquent taxes, interest, and costs, on an assessment against J. H. Bergess, for the year 1890. This tax adjudication was duly recorded on July 9, 1891. The land was not redeemed, and in December, 1893, was conveyed by the State Auditor to the Atchafalaya levee district, pursuant to section 11, Act No. 97, p. 112, of 1890, donating to said district all lands sold to the state at tax sales for the nonpayment of taxes. This conveyance was on November 15, 1896, duly recorded in the parish of St. Martin. The levee district sold to Breaux et al. on May 11, 1894. The land passed through mesne conveyances to one Downman in January, 1901, and Downman conveyed to plaintiff in August, 1902.

Defendant claims title from the widow and sons of James Henry Bergess, said to be deceased, by deed dated March 16, 1901, and duly recorded on March 27th of the same year. The price paid was $150 according to the recitals of the deed.

It was admitted that the property in dispute is cypress swamp lands and is worth at least $2,500.

Without assailing the tax deed in their pleadings, the defendants were permitted to adduce evidence tending to show that James H. Bergess was dead in 1890, when the assessment was made in his name. This evidence consists of the uncorroborated testimony of a single witness, named Kazzin Jupiter; and we give his statement in full as follows, viz.:

"Q. Did you know James H. Bergess, the husband of Mrs. Mary Bergess, father of James and Willie Bergess?
"A. Yes, sir.
"Q. How long did you know him?
"A. Since he was 15 years old, up to the time of his death.
"Q. When did he die?
"A. He went off in 1893, and he went off to Mobile. Last we heard of him he was drowned on a swamp boat.
"Q. That was in '83?
"A. Yes, sir.
"Q. What heirs did he leave?
"A. He left Willie Bergess and James Bergess.
"Q. And he left a widow?
"A. Mary Bergess."

Mrs. Bergess and her sons were living at the date of the trial, and not one of them was called upon to testify to the alleged disappearance and death of the husband and father.

In his reasons for judgment the trial judge says:

"The oral statement of the mulatto, Kazzin Jupiter, to the fact that Bergess, the original entryman, 'went off in 1883 to Mobile, and the last we heard of him he was drowned on a swamp boat,' is not such evidence as would vitiate the acts of public officers, upon the faith of which parties had relied for more than 15 years."

The trial judge also held that the plea of prescription was good; but we prefer to rest our affirmance of the judgment on the ground that the testimony of the witness is based solely on hearsay, the source of which is not revealed, and is too vague and uncertain to warrant the finding of fact that J. H. Bergess was dead in the year 1890. The death of an absentee less than 100 years old is never presumed. Civ. Code, art. 70; Babin v. Phillipson's Ex'rs, 3 La. 376; Martinez v. Succession of Vives, 32 La. Ann. 305; Rachel v. Jones, 34 La. Ann. 110. Hence the absence of J. H. Bergess from his usual place of residence during 7 years creates no presumption of his death. His wife and sons living in the vicinage were not called as witnesses, and consequently it is not shown that Bergess' family had not heard from him between the years 1883 and 1890. The witness, Kazzin Jupiter, a laborer living

in the vicinity, knew Bergess, and at one time worked for him for a few days. This was the only connection between them shown by the evidence. The only facts that this witness could know of his own knowledge are that Bergess left the neighborhood in the year 1883 and has not returned. The death of a person cannot be proved by a mere rumor circulating in the neighborhood. Death, like any other fact, may be proved by circumstantial evidence; but the circumstances under which the person disappeared must be proved by competent evidence as a basis for the presumption.

Disappearance per se creates no presumption that the absentee is dead, unless "it be of such character as to force on the mind the irresistible conviction of death; such, for instance, as a supposed loss by reason of a shipwreck, an earthquake, a war, plague, an explosion, and like perils." Succession of Vogel, 16 La. Ann. 140, 79 Am. Dec. 571. In the language of the Civil Code, it must be "shown that there are strong presumptions that the person absent has perished." See Davis v. Greve, 32 La. Ann. 423; Boyd v. Insurance Co., 34 La. Ann. 848; Jamison v. Smith, 35 La. Ann. 613. We take it that it must first be shown by legal evidence that the absent person was exposed to certain perils to life, and since such exposure has never been heard of, before any presumption of death can arise. It is a singular and suspicious circumstance that the wife and sons of Bergess were not called upon to testify in behalf of the defendants. Bergess may have been alive in 1890 and dead in 1900. The alleged fact of his death in 1883 cannot be established by testimony as to a mere rumor heard, as far as the record shows, by only one person.

The tax adjudication is in due form, and the deed on its face must be considered as sufficient evidence of title, in the absence of evidence showing some nullity in the proceedings.

Plaintiff in the brief filed by counsel restricts the claim for damages to attorney's fees. They say:

"We have proven the value of the attorney fees, and we pray that the judgment of the court a qua be amended so as to award us the same. As so amended we respectfully submit that we are entitled to an affirmance of the judgment."

In support of this contention, plaintiff's counsel cite Ludeling v. Garrett, 50 La. Ann. 118, 23 South. 94; White v. Givens, 29 La. Ann. 573; Commission Co. v. Yale, 47 La. Ann. 696, 17 South. 244. In all three of the cases cited, there was an unlawful seizure of property under a writ of fieri facias. Such cases are exceptions to the general rule that a plaintiff in injunction is not entitled to recover attorney's fees as an element of damages.

For these reasons, the judgment appealed from is affirmed.

The CHIEF JUSTICE takes no part.