Statement of the Case.
NICHOLLS, J.
The plaintiff alleged that he is the owner of the following described property:
“A certain tract of land situated in the parish of Assumption and Iberville, state of Louisiana, being lot number 3 of section 14, township 12 S., R. 12 east, Southeastern district of La., west of the Mississippi river, and containing 102 acres, together with all rights, titles, interest, claims, and demands in and to all damages that may have been caused to him or to said property by others by the felling, trailing, pulling, deadening, and removing and carrying away of cypress timber or other timber, deadened, felled, trailed, and pulled, carried away, or removed from said land, as well as all claims which he may or might have had to recover the value of said trees, hereby transferring and conveying to said purchaser the right to sue for and recover all such damages as may have been committed or done as aforesaid upon said land as well as for the value of said trees, the same, to the same extent as the said vendor might or could do himself. Which will more fully appear by references to the annexed notarial acts attached hereto and made part hereof.”
Petitioner having acquired the same from Geo. J. Test and Mary Ellen Biggs, by acts of sale duly recorded in the parishes of Iberville and Assumption on the 18th day of December, 1906, and the - day of ■-, 1906, respectively, said vendors of petitioner having acquired the same by inheritance from their deceased father, Moses Vest, who died intestate several years ago, leaving said vendors as his heirs, their said father, Moses Vest, having acquired the same by patent from'the state of Louisiana in the year 1847, on May 28th.
That Frank Beaullieu and St. Paul Bourgeois are in possession of said above-described land without right or title, well knowing the same is the property of petitioner; that, availing themselves of their illegal and tortious possession of petitioner’s land, said defendants have cut down 640 cypress trees, or thereabout, worth $5,000, said trees being still on said land; that said trees belong to petitioner and are his property, and petitioner had good grounds to believe and apprehend, and does so aver and allege, that the defendants will convert said trees to their own use, and will part with and dispose of said trees during the pendency of this suit, and send the same out of the jurisdiction of this honorable court. That petitioner is entitled in the premises to a writ of sequestration. Petitioner further shows that the value of said land and trees is over $2,000.
In view of the premises, petitioner prayed that a copy of this petition be served on Frank Beaullieu aild St. Paul Bourgeois, and each of them, and that they and each of them be duly cited to answer this petition, and that after legal delays and due proceedings had judgment be rendered in favor of petitioner and against defendants, decreeing and adjudging petitioner to be the owner of described land and trees, and that petitioner be placed in possession of said land and trees, or, in default of the delivery of said *687 trees, that defendants be made to pay the Value thereof, $5,000, with interest at the Vate of 5 per cent, per annum from judicial demand until paid; that on due compliance of law a writ of sequestration issue herein against said defendants and each of them, commanding and directing the sheriff of the l>arish of Iberville to seize and sequester and into his possession take said six hundred and forty cypress trees (640), and to hold the same subject to the further orders of this court; that after due proceedings had said writ of sequestration be maintained and perpetuated; that the court fix the bond for said writ of sequestration. And petitioner prayed for all and general relief.
On reading this petition, a writ of sequestration was ordered to issue on plaintiff’s executing a bond for $300 according to law. The required bond was furnished and the property was sequestered. The property sequestered was subsequently bonded.
The defendants on March 9, 1907, answered, pleading, first, a general denial. Further answering, they averred that they acquired the property in dispute in good faith under a just title for a valuable consideration from Mrs. Lelia Sherburne, wife of Henry Sherburne, in January, 1904, and have been in the quiet and peaceful possession thereof since that period. That said property was acquired by Mrs. Sherburne by inheritance from her mother, Mrs. Elodie Schlater, deceased, ■who acquired the ownership and possession thereof in 1889 at a tax sale by the sheriff of the parish of Iberville under Act No. 82, p. 104, of 1884, as will appear more fully from the act of sale annexed hereto as part of this answer, and respondents specially plead the prescription of three years under article 233 of the Constitution against any demand of plaintiff to attack or annul said tax title.
Respondent further shows that the writ of sequestration was wrongfully and illegally obtained and issued; that plaintiff was well aware of the title of respondent, and purchased the interest of two of the heirs of Vest for an insignificant price, with the right to sue for damages for the purpose of speculation, and respondent has sustained damages in the sum of $75 for the wrongful and illegal issuance of said sequestration, to wit, the sum of $50 for attorney’s fees, and $25 for expenses in dissolving said writ and bonding said property.
In view of the premises, respondent prayed that the demand of plaintiff be dismissed and respondent recognized as the owner of said property and maintained in the possession thereof, and that respondent have judgment against plaintiff in reconvention for the sum of $75 for attorney’s fees and expense in dissolving the writ and bonding the property herein. And in duty bound petitioner prayed for all general and equitable relief.
The trial of the ease was concluded March 8, 190S.
On the 22d September, 1908, the district court rendered judgment in favor of the defendants, and dismissing and rejecting plaintiff’s demand. The judgment further ordered that the sequestration which had been sued out be dissolved at plaintiff’s costs.
It further ordered and decreed that the defendants be recognized as the owners of the Moses Vest tract of land, to wit, tract of land, being a portion of section 14, of township 12, range 12 east, containing 102 acres, and maintained in the possession thereof.
Plaintiff has appealed suspensively from the judgment.
The defendants urge that there is no proof that Moses Vest, who entered the land claimed by the plaintiff in this suit is dead. That issue was not raised in the lower court, but the death of Moses Vest is sufficiently shown. In answer to the question propounded by defendant to George Vest whether Moses Vest was dead, he answered, “Yes,” *689 There may he some question as to the precise time, but not as to the fact, of his death. The party answering the question was the son of the party referred to; he is not likely to have been ignorant on the subject. Moses Test is shown to have left three children, George Test, Mary Ellen Vest (Mrs. Riggs), and Isaac Vest, who has died leaving nine children; one of them lives in New Orleans, one in Mexico, one in Texas, one in Missouri, and the residences and names of the others are unknown.
The title on which plaintiff declares is stated to be “all the right, title, and interest owned by George Vest and Mary Ellen Vest [Mrs. Riggs] in” a certain tract of land in the parishes of Iberville and Assumption, state of La., being lot No. 3 of section 14, township 12 S., R. 12 E., Southeastern district of Louisiana west of the Mississippi river, and containing 102 acres. He alleges that defendants are in possession of that land. Defendants allege that they acquired the property in dispute in January, 1904, and have been in the quiet and peaceable possession thereof since that period:
There is therefore no uncertainty as to the property involved in this litigation as between these parties. The petition in this case appears to have been filed about 15th of January, 1907, but the precise day is not shown in the transcript. Clerks of court in making up transcripts should be careful to give the date of filing of the different papers filed by the parties, as those dates are in some cases of the utmost importance, particularly where questions of prescription are at issue. While referring to this matter, we again refer to the necessity of clerk and recorders giving the dates of the recording of the acts, as well as the pages of certain books in which they are recorded.
The evidence shows that on the 9th of March, 1889, Charles A. Brusle, sheriff and ex officio tax collector for the parish of Iberville, acting under Act No. 82 of 1884, adjudicated to Mrs. Elodie Brusle, widow of Alexander Schlater, for taxes due on the same, under assessments upon it in the name of Moses Vest prior to the 31st of May, 1879, a tract of land, “being a portion of section fourteen of township twelve, range twelve east, containing one hundred and two acres,” and executed a deed of sale to the purchasers on the 12th of March, 1889, which was recorded in the parish of Iberville; that Mrs. Lelia Sherburne, daughter of the purchaser, sold the same to the defendants under the same description on January 13, 1904.
That shortly after their purchase Lusignan Blanchard was granted by defendants permission to live on the place and to guard their interests, and has done so since. The greater part of the tract of land is a swamp. Defendants have paid the taxes on the property since the date of their purchase. They commenced cutting timber about a year after the act of sale to them. Defendants’ right to the property is contested on the ground that no title was conveyed by the state to Mrs. Schlater under the adjudication made to her by the tax collector in 1889, for the reason that the description of the property given in the tax proceedings from the beginning to the end, particularly in the adjudication and deed by which the property was transferred, was such as not to identify the property which was advertised for sale, offered for sale, and sold, without the purchaser being obliged to have recourse to evidence dehors the proceedings for the purposes of identification. Plaintiff contends that the deed must per se, and independently of extrinsic evidence, identify the land so that a surveyor holding the deed in his hand can from it at once locate the land.
In the syllabus of the brief filed in plaintiff’s behalf the following are the positions contended for by him, with the authorities in support of the same;
*691 (1) A valid assessment is an indispensable prerequisite to a valid tax title. Black on Tax Titles, par. 89; Hansen v. Mauberret, 52 La. Ann. 1565, 28 South. 167; Posey v. City or New Orleans, 113 La. 1061, 37 South. 909.
(2) A proper certain description is essential io make tax titles valid. A description of land aá a portion of a section is too vague and uncertain to pass title to any property. Poindexter v. Doolittle, 54 Iowa, 52, 6 N. W. 136; Covington v. Berry, 76 Ark. 460, 88 S. W. 1005; Humphries v. Huffman, 33 Ohio St. 395; Wills & Rawlins v. Auch, 8 La. Ann. 19; Syer v. Bundy, 9 La. Ann. 540; Dodeman v. Barrow, 10 La. Ann. 193; Oteri v. Oteri, 37 La. Ann. 75; Scott v. Parry, 108 La. 11, 32 South. 188; Green v. Witherspoon, 37 La. Ann. 751; Levy v. Gause, 112 La. 800, 36 South. 684; Succession of Milmo, 47 La. Ann. 129, 16 South. 772; Covington v. Berry, 76 Ark. 460, 88 S. W. 1005; Power v. Bowdle, 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511; Hershey v. Thompson, 50 Ark. 484, 8 S. W. 689; Roberts v. Deeds, 57 Iowa, 320, 10 N. W. 741; Morgan v. Schwartz, 66 Miss. 613, 6 South. 326; Johnson v. Ashland Lumber Co., 52 Wis. 458, 9 N. W. 464; Campbell v. Packard, 61 Wis. 88, 20 N. W. 672; Griffith v. Utley, 76 Iowa, 292, 41 N. W. 21; Smith v. Blackiston, 82 Iowa, 240, 47 N. W. 1075; Appeal of Wilcox (Pa.) 12 Atl. 578.
(3) The tax deed must stand alone. No external evidence can be used in support of the deed. Gooch v. Benge, 90 Ky. 393, 14 S. W. 376; Wofford v. MeKinna, 23 Tex. 36, 76 Am. Dec. 53; Pearce v. Perkins, 70 Miss. 276, 12 South. 206; Wilson v. Marshall, 10 La. Ann. 327; Keane v. Cannovan, 21 Cal. 291, 82 Am. Dec. 738; Pargoud v. Pace, 10 La. Ann. 613; Ramos Lumber & Mfg. Co. v. Labarre, 116 La. 581, 40 South. 898.
(4) Parol evidence is , inadmissible to explain the description. Burroughs on Taxation; Bell v. Taylor, 37 La. Ann. 61.
(5) Void deed will not set prescription in operation. Dickinson v. Arkansas City Imp. Co., 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170; Pearce v. Perkins, 70 Miss. 276, 12 South. 207; Lyons v. Fitzpatrick, 52 La. Ann. 700, 27 South. 110; Scott v. Parry, 108 La. 13, 32 South. 188; Hanson Lumber Co. v. Angelloz, 118 La. 862, 43 South. 529.
(6) Tax proceedings have to stand or fall as made. Pargoud v. Pace, 10 La. Ann. 613; Ramos Lumber Co. v. Labarre, 116 La. 559, 40 South. 898.
(7) The prescription of three years under article 233 of the Constitution does not cure radical defects, and cannot give vitality to a tax sale which never had any vitality. Marmion’s Heirs v. McPeak, 51 La. Ann. 1631, 26 South. 376; Kohlman v. Glaudi, 52 La. Ann. 700, 27 South. 116; Millaudon v. Gallagher, 104 La. 713, 29 South. 307; Foreman v. Hinchcliffe, 106 La. 225, 30 South. 762.
Defendant urges;
(1) When the plaintiff in a petitory action claims lot 3 of section 14, Tp. 12, range 12 E., and his pretended vendor’s title describes the land as the northwest fractional quarter of section 14, Tp. 12, range 12 E., plaintiff must show that lot 3 is identified with the northwest fractional quarter of section 14 in order to recover or obtain judgment.
(2) A description or assessment is sufficiently correct for identification when it contains the names of the owner at the time, the number of acres contained in the tracts, also the section, township, and range, and there is no proof that the tax debtor owned other land in the parish or there was any mistake about the land intended to be assessed.
(3) Where 20 years have elapsed since the tax sale, and purchasers have paid the taxes, and the last purchaser from the original owner has been in the actual possession for the last five years, and the plaintiff in a petitory action who acquired the land from the two of the heirs of the tax debtor had full knowl *693 edge of all the facts connected with the tax title and the actual possession of the property by the defendants, the court will not disturb a tax sale under the circumstances of the description already mentioned.
(4) Defendants cite Wykoff, Heirs of, v. Miller, 48 La. Ann. 479, 19 South. 478; Iberia Cypress Co. v. Thorgeson, 116 La. 219, 40 South. 682; Prater v. Craighead, 118 La. 627, 43 South. 258; Gonzales v. Saux, 119 La. 657, 44 South. 332.
It was admitted on the trial that the timber pulled off the land in dispute by the defendants was 450,000 feet, and the logs in the water were worth $12 per thousand feet; this estimate based on the logs being in the Bay Natchez, and that the cost of delivering timber from Lake Natchez to the mill would cost from $1.50 to $2 per thousand feet.
On the trial of the case, Lusignan Blanchard testified that he had been in possession at the date of giving his testimony (March 6, 190S) of the property for the defendants for three years and three months.
On the same day defendants offered on the trial, in support of their defense, the tax deed from Brusle, tax collector, in 1889 to Mrs. Elodie Schlater, and their own deeds from Mrs. Sherburne (their immediate author) on the 15th of January, 1904.
Plaintiff objected to these deeds on the ground that they were irrelevant and absolute nullities on their face by reason of the fact that the description therein contained was so uncertain and indefinite as not to operate or give even a semblance of a title, the said description'being a tract of land being a portion of section 14, township 12, range 12 east, containing 102 acres.
The court overruled the objection referring the objection to the merits. Plaintiff reserved a bill to the ruling. Defendants testified that they identified the property purchased by them by reference to the map of the locality.
Opinion.
Neither Moses Vest, his heirs, nor the plaintiff have ever been in possession of the property involved in this suit, nor paid a dollar of taxes upon it. Mrs. Schlater had .paid some of them, and the defendants have done so since their purchase.
The tax deed of Brusle, tax collector, recites that in making the sale Mrs. Schlater, in 1889, was acting under the provisions of Act No. 82 of 1884. That the property had been adjudicated to the state of Louisiana for taxes prior to the 31st of December, 1879, assessed in the name of Moses Vest. That he had on the 23d of January, 1889, proceeded to advertise for sale at public auction all property which had been heretofore adjudicated. That said advertisement was made at the time and in the manner recited by him. That said advertisement contained a true and correct description of the property to be offered for sale. That on the day fixed for the sale he had offered said property for sale at public auction by making a description thereof, and had adjudicated it to Mrs. Elodie Schlater, widow of Alexander Schlater, who had paid to him the price of adjudication.
The proceedings under which the property had been adjudicated to the state have not been attacked; they are not referred to at all in plaintiff’s pleadings. The tax deed of 1889 is itself attacked only through objection to testimony, and collaterally on the ground that it was an absolute nullity on its face.
In Heirs of Corkran v. Arnaudet, 111 La. 586, 35 South. 747, this court said “the presumption omnia rite presumuntur” applies to tax sales under some circumstances and conditions after a great lapse of time. It has itself applied that presumption to a tax sale in Willis v. Cypress Co., 108 La. 255, 32 South. 386; Woodfolk’s Heirs v. Witkowski, 120 La. 496, 497, 45 South. 401.
In the Arnaudet Case, the court said:
“We should not and will not after this great lapse of time presume illegality or insufficiency *695 in the assessment to which reference was made, but, on the contrary, we will presume that it was correct and regular. We do not think the defendants were called upon to make explanations in the absence of an actual attack upon the tax proceedings, but were justified in relying upon the presumption of regularity which would apply to them under existing conditions. It was plaintiff’s duty to have raised by pleadings under the circumstances a direct issue as to the illegality of the assessment and tax sale.”
Referring to the contention, made in that case that the description was not susceptible of identification, the court said that as a fact “Gellort did identify it and took possession as owner.” We may remark here that it is not charged that there has been in this case an erroneous description of property, but an uncertain description. It is not claimed that as a matter of fact they may have taken possession of the wrong land, but that, even if it was the property intended to be transferred, defendants had no right to ascertain that fact outside of the deed.
If the proceedings which resulted in an adjudication to the state must be held legal until attacked by direct pleadings, the property at the time of the sale of Mrs. Schlater belonged to it, and whatever illegality there may have been in the subsequent tax proceedings by which the ownership of the state was sought to be divested was a matter of concern to the state and not to the plaintiff. Woodfolk’s Heirs v. Witkowski, 120 La. 496, 45 South. 401.
Defendants urge that, while plaintiff complains of the uncertainty of the description in the tax collector’s deed to Mrs. Schlater and in the deed from Mrs. Sherburne to themselves, plaintiff’s own deed is uncertain, as he does not claim the whole of the tract patented by Moses Vest, but only lot No. 3 of that tract, and he had not attempted to locate lot No. 3. The conclusion we have reached of defendants’ rights in the premises makes a discussion of that question unnecessary. We see no good ground for reversing the judgment appealed from.
It is therefore affirmed.