*1606 The opinion of the court was delivered by
Breaux, J.
The plaintiffs, heirs of the late W. S. Pickett, who died on the 4th day of August, 1884, sue for the recovery of a square of ground purchased by their ancestor in the year 1856. It was sold for taxes in 1883 and adjudicated to the State of Louisiana. Prior to that time, to-wit: in 1876, under revenue act of 1873, it had been adjudicated to the State in payment of taxes for 1867 to 1876.
With reference to the sale, made in 1883, it is urged that no notice had been given to the owner.
With reference to the tax deed of 1876, it is argued that as there is no recital in the tax collector’s deed and no evidence aliunde of the appointment of a curator ad hoc to represent the absent owner and no evidence of notice to him.
Under Sec. 3 of an act approved July 12, 1888, the auditor sold the property to John Spansell, who subsequently became defendant’s author.
The tax collector declares in his deed showing the adjudication of the property to the State for the taxes of 1880 and subsequent-years, that legal notice of sale was given to Wm. M. Pickett, the tax debtor.
The chief deputy clerk for the State Tax Collector, by whom the adjudication was made to the State in 1883, testifies substantially, that the notices to the tax debtors were mailed to the owners where the property was located, when their residences were not known. There is also evidence of record to show that the late Wm. M. Pickett had not resided in New Orleans (in which the property is situated) since 1865.
The defendant urges good faith, pleads the validity of the tax proceedings and invokes the prescription of one, five and ten years.
From a judgment rejecting their demand the plaintiffs appeal.
The main attack upon the last deed of adjudication to the State is the asserted want of notice of sale to the taxpayer as required by Art. 210 of the Constitution.
The deeds of tax collectors for those years are prima facie evidence of legal sales. Unless that presumption be controverted, and the contrary of the recital of the deeds is established, it should be accepted as true.
The recital is true until its untruth is established.
*1607 The decisions heretofore were controlled by the fact that it was made manifest that no notice, as required, had been given of taxes due for which it was the intention to offer the property for sale.
In the case of Breaux vs. Negrotto, 43 An. 426-433, this court said: “ But we think the evidence is conclusive that no notice of any kind was ever served on the plaintiff.”
In Parish of Concordia vs. Bertron, 46 An. 366-360: “It is in proof, no notice was given in the parish of-that adjudication as required by the Constitution.”
Here there is no evidence of witnesses on the trial of a positive character regarding notice, and impeaching the veracity of the declarations of the deed.
In the absence of such evidence we do not feel authorized to treat as naught these declarations, made at a time contemporaneous with the proceedings of sale.
The following we must regard as controlling considerations in reaching a conclusion upon this point.
Plaintiff in a petitory suit for property sold at tax sale (after the many years that have elapsed in this ease) must make out his title to the property on all points.
The proceedings being regular, on the face of the papers, the evidence must be of a positive and convincing character to authorize the courts to set aside and declare null a tax deed upon the ground urged. The property had been assessed, duly advertised, offered for sale and adjudicated, and presumably the notice required preceding the sale was given.
The action of plaintiff is met by another tax deed, anterior in date, made under the provisions of Act 47 of 1873. Plaintiffs urge its nullity on a number of grounds — that the taxpayer was absent and no curator ad hoc was appointed to represent him; that the purchase for the State was subject to the approval of the auditor, and without that approval there was no sale.
Near twenty years have elapsed since this sale was made. The tax debtor remained silent; at his death the plaintiffs did not choose to assert title or interest in the property; they are confronted with great difficulties to have it now determined that at the date of the sale the property was vacant, or that the owner was unknown or absent, or had left no known agent in this State, conditions required for the appointment of a curator ad hoe.
*1608 The sale was prima facie valid under the terms of the Constitution. The presumption sustains the claim of the State as a purchaser in good faith and the title of the defendant also finds support in the adjudication to the State which remained so many years unquestioned.
The least effect that this state of fact can have is to impose upon the plaintiff the burden of proving all the conditions essential to establish the taxpayer’s absence.
Without the absence the title was legal and in due form and all needful notices were served, it must be conceded.
The absence that would annul should be timely invoked and amply shown.
Time obliterates evidence and removes from the parties the means to verify transactions, hence it creates a presumption in favor of the regularity of proceedings and against the charge of illegality.
Lastly, the plaintiffs’ objection is that the auditor did not confirm the sale to the State.
Section 62 of'Act 42 of 1871 and Sec. 6 of Act 47 of 1873 are similar. Interpreting the former, this court held that the omission to obtain the auditor’s deed did not invalidate the tax collector’s deed as a muniment of title. The correctness of the decision upon this point has since always remained unquestioned. Barrow vs. Wilson, 39 An. 407.
If we should concede that the tax sale in 1876 is void, and that plaintiffs in law can not be held to the proof wo have before stated, they are then confronted with the tax deed of 1883, in which it is declared that all required notices have been given.
The testimony of a clerk in the tax collector’s office, general in its character, does not show want of notice.
In the case of Webre vs. Moore, 46 An. 574-579, we said: “ But we wish to say that it is based upon and confined to the particular facts fully stated in the opinion, and is not intended to give a license to tax collectors to dispense with notice to absent owners whose names are known, but whose residence is unknown, without exhausting the means provided by law for obtaining the latter.”
It must be held, until the contrary appears, that the collector exhausted the means provided by law, as stated in the deed.
Judgment affirmed.