SUNSET REALTY & PLANTING CO., INC., v. FORTIER

(January 21, 1929. Opinion and Decree.)

J. E. Fleury, of New Orleans, attorney for plaintiff, appellee.

Charles J. Mundy, of Thibodaux, attorney for defendant, appellant.

WESTERFIELD, J. This is a petitory action. Plaintiff asserts title to the following described property:

"Lots fifty-nine (59), Sixty (60) and Sixty-one (61) in Sub-drainage district No. one (1) of the Sunset Drainage District, this Parish and State."

Plaintiff acquired from A. V. Smith, by act before J. J. McCloskey, Notary Public for the Parish of Orleans, October 8, 1924; Smith acquired August 11, 1923, at a tax sale by the Sheriff of St. Charles Parish for taxes due for the year 1922, the property being advertised in the name of C. J. Sorrells. The property has also been conveyed to Smith by act under private signature from C. J. Sorrells dated January 3, 1925.

Defendant filed a number of exceptions, which were properly overruled by the trial court, and, alleged that her mother bought the property from Joseph Fortier by act before J. C. Triche, notary public for the Parish of St. Charles on November 27, 1899; that her mother lived upon the property until she died, or about February 7, 1906; that, since then, she has resided upon the property and paid all taxes up to and including the year 1913; that she inherited the property from her mother; that the land was illegally and fraudulently, or by error, included in a certain drainage district for the Parish of St. Charles in violation of the provisions of Act 317 of 1910, and that consequently the property was never legally sold for drainage taxes "for the year 1912 or for any other year."

The district judge, in deciding the case adversely to defendant, wrote a well considered opinion, from which we quote the following:

"The evidence of the plaintiff shows, by a complete chain of title which has been filed in the record, that this property, which is described as Lots Numbers Fifty-nine (59), Sixty (60) and Sixty-one (61), was originally acquired by A. V. Smith at a Sheriff's sale on August 11, 1923; said property being sold for the taxes due for the year 1922, and that this deed was registered in Conveyance Book 'W,' Folio 239; said property having been sold in the name of C. J. Sorrells.

"It is further in evidence that on October 8, 1924, by act before John J. McCloskey, Notary Public in the City of New Orleans, A. V. Smith sold said property which he bought at tax sale, and which is the subject of this suit, to the plaintiff in this case; said act being duly registered in the

Conveyance Records in Conveyance Book 'X' folio 200.

"It is also in evidence that by act under private signature, acknowledged before Percy S. Benedict, Notary Public in the City of New Orleans, on January 3, 1925, and acknowledged before M. L. Brown, Notary Public for the City of New York, on January 8, 1925, Whereby C. J. Sorrells sold to the said A. V. Smith all of his right, title and interest in Lots Numbers Fifty-nine (59), Sixty (60) and Sixty-one (61), as described in plaintiffs petition; which said act is registered in Conveyance Book 'X,' Folio 265; the said Smith, under the circumstances, acquired title not only by tax deed, but also by private deed."

Concerning the alleged illegal inclusion of the property in the drainage district the judge said:

"I do not think the question of whether the land is high and dry, or whether it was included in the drainage district has anything to do with the case at bar, for the reason that the tax deed in this case, and which is the basis of plaintiff's suit, shows that the property in question was sold for State, Parish and other taxes, as well as the drainage taxes due for the year 1922, and hence even admitting for the sake of argument, if the sale for drainage taxes was a nullity because the land is high and dry, nevertheless this would not affect the sale of this property for the taxes due to the State, Parish and other local subdivisions of the State Government in St. Charles Parish, and as to these it strikes the Court, that the sale would be perfectly legal and valid.

"On the other hand, it appears that even although the property may be high and dry, and may have been included in the drainage district, that the defendant at no time raised her voice in protest, or took any action to have her property excluded from the drainage district, but be that as it may, eliminating the question of the drainage district, the Court is of the opinion that the tax sale was good and valid otherwise, and hence the question of its inclusion in the drainage district is of no moment in the decision of this case.

"Counsel for defendant, in his brief, admits that the defendant stopped paying the Parish and State taxes on this property after the year 1914, which, to my mind, puts her out of Court, as the property which is the subject of this suit was sold for taxes to the plaintiff's vendor on August 11, 1923, for State, Parish and all other taxes for the year 1922, and it is clear that a person cannot own property, live on it, and not expect to pay her prorata of the expenses of the State Government, and what she should have done, if she had any just complaint, was to file proceedings to obtain relief from the things of which she now complains, and failing to do so from 1914 to 1925, the year in which the present suit was filed, it appears that she has been guilty of laches that clearly amount to an estoppel as against her."

In his brief, counsel for defendant raises the question of insufficiency of the inscription in the tax deed, by which one William Cadow acquired the property in July, 1913. In disposing of this question, the trial judge pointed out that the plaintiff was not asserting its title under the tax sale referred to, but under a tax title of August 11, 1923, ten years later.

Finally, defendant contends that prior to the date of the tax sale, August 11, 1923, by which Smith, plaintiff's author in title, acquired the property, it had been adjudicated to the State of Louisiana at a tax sale in the name of Sorrells on the 10th day of August, 1916, which sale was duly recorded in Conveyance Book S, Page 528 of the Records of the Parish of St. Charles, and that it nowhere appears that the State of Louisiana ever resold this land to anybody or, that it was ever redeemed by Sorrells, or any person in his name, and that, consequently the State of Louisiana is the owner of the property today. In respect to this contention, the facts of which are established in the record, from which it also appears that the property following the adjudication to the State was continued on the

tax roll in the name of Sorrells and subsequently sold for unpaid taxes to plaintiff's author in 1923, at a tax sale for the taxes for the year 1922.

In Codifer vs. Aztec Land Co., 6 Orl. App. 214, it was held:

"Where the property was adjudicated to the State and the taxing officers continued to assess the property to the former owner and to collect taxes from the tax debtor who remains in possession such acts will be deemed a waiver of the State's title binding on its vendee."

And in Woolfolk's Heirs vs. Witowski, 120 La. 496, 45 So. 401, it was held:

"If the property passed to the State under the adjudication to it, the original owners are not concerned in the legality of tax sales subsequently made."

See also Gouaux vs. Beaullieu, 123 La. 684, 49 So. 285.

We are of the opinion that the trial court gave careful consideration to all defenses presented and properly determined the issue in plaintiff's favor.

For the reasons assigned the judgment appealed from is affirmed.