897 So.2d 699 (2004)
LOUISIANA ASSOCIATED GENERAL CONTRACTORS, INC.
v.
LOUISIANA DEPARTMENT OF AGRICULTURE AND FORESTRY, Louisiana Agriculture Finance Authority, and Bob Odom, Commissioner
No. 2003 CA 2501.
Court of Appeal of Louisiana, First Circuit.
December 17, 2004.
*700 Chris P. Pierce, W.P. Wray, Jr., Baton Rouge, Counsel for Plaintiff/Appellant Louisiana Associated General Contractors, Inc.
C. James Gelpi, David McFadden, Dan Zimmerman, New Orleans, Counsel for Defendants/Appellees Louisiana Department of Agriculture and Forestry, et al.
Before: WHIPPLE, FITZSIMMONS, and DOWNING, JJ.
FITZSIMMONS, J.
On November 22, 1999, plaintiff, Louisiana Associated General Contractors, Inc. (contractors), filed suit for a declaratory judgment and injunction against defendants, Louisiana Department of Agriculture and Forestry (department), Louisiana Agricultural Finance Authority (LAFA), and Bob Odom, as the Commissioner of Agriculture. Essentially, the contractors asked the court to declare that LAFA was not exempt from the Public Bid Law, La. R.S. 38:2211, et seq., and enjoin LAFA from constructing public works in violation of the public bid law.
The parties submitted the matter based on stipulations and exhibits. After considering the law, evidence, and pleadings, the trial court made the following pertinent findings:
1. La. R.S. 3:266(14) is clear and unambiguous;
2. La. R.S. 3:266(14) creates an exception to the Public Bid Law;
3. LAFA's purpose is to foster agriculture; and
4. The challenged public works undertaken by LAFA are authorized.
The contractors appealed the judgment. Initially, the contractors argue that the relevant, applicable statutes do not contain an exemption from the Public Bid Law. Alternatively, even assuming LAFA is exempt, the contractors assert that the public projects undertaken by LAFA do not fit within its stated statutory purpose.
Thus, in the absence of material facts, the essential issue is one of statutory interpretation. After a thorough review, we affirm.

IS LAFA EXEMPT FROM THE PUBLIC BID LAW?
The Public Bid Law, La. R.S. 38:2211, et seq., generally governs the bidding and *701 letting of contracts for public works exceeding $100,000. See La. R.S. 38:2212 A(1)(a), (1)(d), & B. "[N]o such public work shall be done except as provided in this Part." La. R.S. 38:2212 A(1)(a). However, La. R.S. 38:2212 B provides, in pertinent part, that: "Nothing contained herein shall be construed as reducing those powers established by law in Chapter 3-B of Title 3 of the Louisiana Revised Statutes of 1950." In Title 3, the Louisiana Legislature created and empowered LAFA "to alleviate the severe shortage of capital and credit available at affordable interest rates for investment in agriculture, including buildings and related facilities[1] used by the Department of Agriculture and Forestry to promote and assist agriculture and forestry within this state...." La. R.S. 3:262 C. The legislature also granted LAFA the "powers necessary to give effect to and carry out the purposes and provisions of this Chapter, including" the specific power to:
[a]cquire or contract to acquire from any person, firm, corporation, municipality, federal or state agency, by grant, purchase, or otherwise, movable or immovable property or any interest therein; own, hold, clear, improve, lease, construct, or rehabilitate, and sell, invest, assign, exchange, transfer, convey, lease, mortgage, or otherwise dispose of or encumber the same, subject to the rights of holders of the bonds of the Authority, at public or private sale, with or without bidding.
La. R.S. 3:266 & 266(14). Additionally, "[n]otwithstanding any other law, [LAFA may] supervise and utilize public employees, equipment, and material in carrying out public work...." La. R.S. 3:266(21).
Statutes are to be construed in a manner to effectuate their stated purpose. A particular statute should also be construed in light of the other applicable statutes on the same subject matter. State Licensing Board for Contractors v. Louisiana State Department of Agriculture and Forestry, 588 So.2d 1268, 1273 (La.App. 1 Cir.1991), writ denied, 590 So.2d 598 (La.1992) (statutorily overruled by La. R.S. 3:266(21) on another point of law). However, if the statute is clear and free from ambiguity, the letter of the law may not be disregarded under the pretext of achieving the spirit. State Licensing Board for Contractors, 588 So.2d at 1272.
The contractors divide the statute into three main clauses which allow: (1) acquisition, (2) utilization, and (3) sale or other encumbrance of property by LAFA. They argue that the portion of the last clause of La. R.S. 3:266(14), beginning with "subject to the rights of holders of bonds," applies only to the encumbrance category of powers granted to LAFA by section 266(14). However, from our review, we see no basis for the argument that a bid exemption was granted only for methods by which property rights would be lost or encumbered.
We particularly note that the use of the conjunctive "and" between the clauses the contractors wish to divide, more logically connects those clauses. A literal reading of this fundamentally unambiguous statute results in application of the words "without bidding" to all of the powers listed in La. R.S. 266(14). More specifically, from the statute's own words, LAFA has the power to "[a]cquire ...; ... construct ..., and sell ... [movable or immovable property], subject to the rights of holders of the bonds of the Authority, at public or private sale, with or without bidding." La. R.S. *702 3:266(14) (emphasis added); see La. R.S. 38:2212 B & La. R.S. 3:266(21).
Therefore, after carefully reviewing all of the pertinent statutory provisions together, particularly the express wording of La. R.S. 3:266(14), coupled with La. R.S. 38:2212 B's specific recognition of the authority granted by Title 3, we find that the trial court did not err in its statutory interpretation.[2] Louisiana R.S. 3:266(14) does contain an express public bidding exemption for LAFA.

IS LAFA LIMITED TO THE CREATION OF AFFORDABLE FINANCING?
In their brief, the contractors assert that, even assuming an exemption, LAFA's purpose is to alleviate "financial shortcomings in agricultural investments." Thus, the contractors argue, the buildings and related projects constructed by LAFA do not fit within LAFA's limited financial purpose, and are unauthorized. We disagree.
LAFA is an agency existing within the Department of Agriculture and Forestry, and under the direction of its Commissioner. See La. Consti. Art. IV, § 10; La. R.S. 36:629 K & 3:264 A. LAFA's statutory purpose is "to alleviate the severe shortage of capital ... for investment in agriculture, including buildings and related facilities used by the Department of Agriculture and Forestry to promote and assist agriculture and forestry within this state...." La. R.S. 3:262 C (emphasis added). From that language, the contractors incorrectly infer that capital investment excludes direct participation in ownership and construction of the project. We find no basis for such an interpretation. The statute does not limit LAFA to the creation of financing, such as the issuance of bonds, for use only by others. Again, drawing directly from the statutory language, LAFA was created to provide "capital ... for investment in agriculture, including buildings and related facilities used ... to promote and assist agriculture...." La. R.S. 3:262 C. This authority to do more than merely provide financing is affirmed by La. R.S. 3:266(7), (8), (14) & (21), which allow LAFA to take possession of property, to insure its properties, to construct, own, encumber, and sell property, and to use public employees in the construction of all its public works projects. See State Licensing Board for Contractors, 588 So.2d at 1272-73 (LAFA has authority to act as its own contractor, albeit after obtaining the contractor's license required by the law applicable before the enactment of LA. R.S. 3:266(21).); Louisiana Department of Agriculture and Forestry v. Louisiana State Licensing Board for Contractors, 36,694, pp. 1 & 10-12 (La.App. 2 Cir. 1/29/03), 837 So.2d 726, 727 & 732-33 (recognition of LAFA's authority to construct public works, pursuant to La. R.S. 3:266(14), and of an exemption to the Contractor's Licensing Law, La. R.S. 37:2150, et seq., to the extent allowed by La. R.S. 3:266(21), including the right to use public employees in all of its public works projects). Thus, we cannot say that the trial court erred in finding that the building projects in question fell within LAFA's purpose.
For these reasons, we affirm the judgment. The costs of the appeal are assessed to plaintiff-appellant, Louisiana Association of General Contractors.
AFFIRMED.
NOTES
[1] Acts 2003, No. 230, § 1, changed the wording of several statutes, including La. R.S. 3:262 C & 270 A, from "an office building and connected related facilities" to "buildings and related facilities." However, the change was not asserted as the basis for the contractors' arguments on appeal.
[2] We also do not see the repeated use of the word "lease," once in the utilization of ownership category and once in the encumbrance category, as a basis for the contractors' interpretation. See La. R.S. 3:266(14).