(44 South. 332.)

No. 16,541.

GONZALES et al. v. SAUX et al.

(June 10, 1907. Rehearing Denied June 28, 1907.)

1. TAXATION—TAX SALE—VALIDITY.
    The tax sale was not null and void.

2. SAME—REDEMPTION.
    The tax deed had never been recorded. The tax debtor has the right to redeem within twelve months after the sale.
    That right is reserved.
    The judgment is amended to allow the tax debtor the opportunity to redeem.

    (Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Paul Lêche, Judge.

Action by M. M. Gonzales and others against Desire Saux and others. Judgment for defendants, and plaintiffs appeal. Amended and affirmed.

Richard McCall McCulloh and Edward Nicholls Pugh, for appellants. Marks & Wortham, for appellees.

BREAUX, C. J. A partition by licitation was the purpose of plaintiff in instituting this suit, and to establish the validity of the title to the land she seeks to have partitioned.

She and her brothers, Antoine and Florian Saux, and a sister, Mrs. Navarre, inherited the property from their father, Bertrand Saux, and mother, his wife, both deceased, and a brother deceased.

Antoine Saux, one of her brothers, sold his interest in the property, consisting of one-fourth, to Desire Saux.

Florian Saux, the brother before named, joined in asking for a partition.

Desire Saux, the defendant and purchaser, as before mentioned of one-fourth of the property, some time after the purchase of this one-fourth purchased the whole property from the Atchafalaya levee board.

This board had acquired from the state.

The contention on the part of Desire Saux, the defendant, purchaser from the levee board, is that the state acquired in August, 1888, by adjudication, from the sheriff of Assumption for the delinquent taxes of 1886 and 1887.

This defendant also pleaded the prescription of five and ten years, and, in addition the prescription of three years, under article 233 of the Constitution of 1898, defendant called the levee board in warranty, and the latter filed a general denial.

Plaintiff offered on the trial an instrument in writing, setting out that the sheriff

of Assumption sold the property to the state of Louisiana for the unpaid taxes of 1886 and 1887.

Counsel for plaintiff objected on the ground that the instrument offered was a copy of a copy, and, further, that there was no evidence that it was ever recorded in Assumption parish, in which the land is situated, and that the auditor is without authority to certify to an act of sale in the sheriff's office, that it is not the best evidence.

The evidence also proves that the deed of one-fourth of the property to Desire Saux by Antoine Saux was dated June 18, 1898. This was a number of years after the property had been sold at tax sale.

It is admitted that Desire Saux is now living on the land in controversy, and has been living thereon since June 1, 1899.

We take up first for decision the objection that the deed was a copy of a copy.

The instrument in writing was offered to prove that the original deed of sale is in the possession of the auditor. It was a sheriff's adjudication for taxes, not dated and not signed by witnesses, but signed by the sheriff.

The objection resolved itself into the proposition that while the copy of authentic instruments, certified to by the legally established custodians of these instruments, is primary evidence and admissible, when, however, such instruments pass into another office, the custodian of such office is without authority to grant a copy of them.

That is true where the instrument does not become by law a part of the record of the office into which it passes, and into which it has found its way.

In this instance the original was received by the auditor as an equivalent of the return due by the sheriff to the office of the auditor. It had thereby become part of the record of the auditor's office, and as a part of its record the auditor was authorized to issue a copy tl ereof.

The difference between the copy of the deed due by the sheriff and tax collector to the office of the auditor and the original is not great.

A certified copy from an officer who is custodian of the instrument is admissible. Greenleaf on Evidence, § 482; Culver v. Uthe, 133 U. S. 655, 10 Sup. Ct. 415, 33 L. Ed. 776; Robertson v. Dubose, 76 Tex. 1, 13 S. W. 300; Judice v. Chrétien, 3 Rob. 15; Wells v. Compton, 5 Rob. 175.

Besides, there is a statute on the subject authorizing the auditor to issue such a copy. Section 182, Rev. St.

Section 54 of Act No. 98, p. 151, of 1886, provides:

"That the sheriff should make out and record a title deed or act and forward certified copy to the auditor."

The deed sent by the sheriff to the auditor was sufficient attempt at compliance to make it a part of the record of the office.

The next question arises as to the nullity of the deed on other grounds urged.

The property was not assessed in the name of the owner is the first of plaintiff's grounds.

It was assessed in the name of "Estate of Bertrand Saux."

The property belonged at the date of the assessment to the succession of Bertrand Saux and Marcelite Alleman, his wife.

An inventory was taken on behalf of the minor heirs of Saux and wife; and plaintiff's contention here is that the assessment should have been made after the inventory in the name of the minors or of their tutor.

We are of opinion that the assessment was sufficiently accurate before the heirs went into possession. The fact that afterward no change was made in the name of the persons assessed does not give rise to such a nullity as cannot be cured by article 233 of the Constitution.

That article cited is broad and comprehensive.

Plaintiff also complained of the insufficiency of the description of the land.

We are of opinion that the description is sufficiently correct for identification. The north and south boundaries are given, the name of the proprietor at the time, and the number of acres. It is not contended that the tax debtor had other lands, or that there can be any mistake about the land intended to be assessed.

The curative article of the Constitution before cited does not admit of the possibility of setting aside the tax sale on this ground.

The next complaint of plaintiff is that no notice had been given to the tax debtor.

The facts on this point are, as set out in the recital of the deed of adjudication at the tax sale, that there was some sort of notice given. Nothing appears to the contrary.

There arises a presumption of regularity under that article which cannot be defeated by urging that the statements regarding notice are in the alternative and vague and uncertain. Merest allegation will not be controlling in the presence of a deed which contains recital of a notice.

The want of sufficient notice urged presents scant ground for complaint, as it is not sustained.

In addition to objection of improper assessment, assessment in the name of one not the owner, want of proper description and want of notice, that we have passed upon, plaintiff further urged that the sheriff advertised and adjudicated the whole property and not the least quantity that any one would purchase, as he was required to do.

For reasons already stated the last ground is without merit.

We phrase the article of the Constitution as follows:

No sale of property for taxes shall be set aside. Article 233.

There are two exceptions to this sweeping provision.

The case here does not fall within the exceptions. Moreover, it does not clearly appear that the sheriff and tax collector did not comply with the law in this particular. Part of the narrative of the deed tends to show that he did.

We have passed upon the foregoing grounds as pressed upon our attention. They are not grounds to annul the sale. There is a provision of the law, however, in accordance with which plaintiffs are entitled to some relief. In the presence of that provision we considered that we should reserve the right afforded by the statute.

It is based on the following, which we extract from the sheriff's deed of adjudication:

"Provided that the said property herein sold is subject to redemption by the said taxpayer or any person interested personally or as heir, legatee or creditor, at any time within one year from the date on which this deed or act shall be filed for record in the conveyance office of the parish upon payment by the said taxpayer of the necessary amount to redeem the property."

This deed has never been recorded in the clerk's office or deposited within that office. It follows that the time to redeem has not elapsed, as the statute provides that the tax debtor shall have one year after recording within which to redeem.

The article cited above was intended to cure nullities. It was not intended to defeat the right to redeem which begins from the date stated.

All parties are entitled to redeem from the date of the registry as required. The tax debtor is not a party. His right as relates to registered and recorded deeds are the same as any other third person.

The tax collector's deed is not a deed inter partes.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from be affirmed with this amendment. Whilst the defendant is recognized to be the owner of the property, it is subject to the right of redemption within 12 months after the deed

shall have been inscribed and recorded in the clerk's office in the manner required.

With this amendment, fully reserving to plaintiff the right to redeem, the judgment is affirmed, at appellees' cost.