On the Merits.
DA WHINS, J.
Plaintiff instituted this suit under Act No. 101 of 1898 to confirm the title to certain property situated in the parish of Plaquemines, sold in the name of A. Ferre for the delinquent taxes of 1899, and purchased by Felix Hingle, one of plaintiff’s vendors, on June 16,1900, the petition setting forth a full chain of title from the tax purchase down to plaintiff. The petition alleged that Ferre was dead, that his heirs resided out of the state, and a curator ad hoe was appointed to represent them, and upon whom service of notice was made under the statute.
Thereafter Henry St. Gez and Miss Louise St. Gez appeared through their agent and attorney in fact, John Watts, and, alleging themselves to be the sole surviving heirs of A. Ferre, deceased, and that they were residents of Pau, republic of France, pleaded lis pendens, based upon a suit filed by them on November 5, 1902, against Felix Hingle, No. 200 on the docket of the lower court, for the purpose of annulling the tax sale. The present action was filed on February 3, 1913, and on the 10th of June, 1913, the lower court signed a judgment dismissing the suit of defendants against Hingle for want of prosecution, for more than 5 years.
On March 23, 1913, defendants filed an answer in the present case, claiming the ownership of an undivided one-half interest in the property in dispute, as the lawful heirs of A. Ferre, denying that plaintiff had any right or interest therein, and further disclaiming any interest in the property formerly owned by Felix Hingle, and attacking all of the transfers by which plaintiff claimed to have acquired. They further averred that said property was never assessed to defendants, who were the lawful owners thereof at the time, their said ancestor having died prior to the assessment and sale, to wit, January 3, 1899; and that no notice of delinquency was ever served upon them. They further *801 averred that if the said Hingle did attempt to purchase the said property at tax sale, in 1900, which they deny, he was their co-owner, or the owner of an undivided half interest in said property, and was therefore without right or power to purchase same, and that the price paid by him had the effect merely of paying the taxes on the property. They further denied that any prescription had run against them,' and averred that they could only have been deprived of said property by the prescription of 30 years, which had not run.
Plaintiff pleaded the prescription of 3 years under article 233 of the Constitution of 1898, in bar of the defenses set up by defendants, and, further, that the judgment of dismissal in the case of defendants against Felix Hingle was res judicata of- said defenses.
The judgment of the lower court was in favor of defendants; dismissing the petition of plaintiff, and decreeing defendants the owners of the property. Plaintiff prosecutes this appeal.
Opinion.
[6] The record discloses that Felix Hingle was not the record owner of the other undivided half of the property at the time of his purchase at tax sale, in 1900, but that he had previously disposed of same to other parties. All other defenses set up by defendants had long since become barred by the prescription of three years under article 233 of the Constitution (the tax purchaser and his vendees having been in possession from the date of the tax sale in 1900, up to the time of this proceeding), save and except the question of the sufficiency of the description in the tax deed to identify the property. It is true that the suit of defendants against Hingle, attacking the tax sale, was filed in 1902, within the 3 years, but it was dismissed as having been abandoned in 1913, for want of prosecution for more than 5 years, under Act No. 107 of 1898 and article 3519 of the Civil Code, and the effect was the same as if the suit had not been filed. Article 3519 'of the Code, as amended by Act No. 107 of 1898, reads as follows:
' “If the plaintiff in this case, after having made, his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
“Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
[7] The description in the tax deed by the sheriff to Hingle for the delinquent taxes of 1899, in the name of A. Ferre, passed in 1900, described the property as follows: ■
“A certain tract of land with all the buildings and improvements thereon, situated in this parish on the left bank of the Mississippi river, measuring eight arpents front by forty arpents depth, bounded above by lands of Joseph A. David & Co. and below by lands of John Kelly.”
The record further discloses that the only property ever owned by A. Ferre, in,the parish of Plaquemines, was an undivided one-half interest in—
“a certain tract of land situated in this parish, on the left bank ’ of the Mississippi river, at about sixty miles below the city of New Orleans, designated as township 19, range 16, sections 2, 3, 4, and half of section 5, making in all about fifteen acres front on said river, by forty (40) arpents depth, bounded above by lands of Samuel Allen, and below by lands of George Johnson, together with all the buildings and improvements thereon, and thereunto belonging, without exception or reservation.”
It is further proven that at the time of the tax sale to Hingle, John Kelly was the owner of the lands on the lower or south side of this same tract, and that Joseph David & Co. were the owners of an undivided half interest in the whole tract of 15 acres *803 front by 40 arpents depth, with A. Ferre, in whose name the 8 arpents front by 40 arpents deep was assessed and sold to Hingle. What the assessor did was to assess to Ferre the south or lower half of the tract, instead of an undivided one-half of the whole, and after his purchase Hingle went into possession of and continued to occupy that portion until several years later, when he sold it. The description was amply sufficient for identification; and, while A. Ferre only owned an undivided half interest in this 8 arpents front by 40 arpents depth, the effect of the tax sale was to divest him or his estate of such interest as he owned in that portion — no more, no less — in fact, nothing more was claimed or possessed by Hingle, and the tax title could not convey or vest in him any greater quantity of the property than was described; but to that extent his purchase was valid. In re Lockhart, 109 La. 747, 33 South. 753; N. O. Land Co. v. National Realty Co., 121 La. 200, 46 South. 208; Gouaux v. Beaullieu, 123 La. 684, 49 South. 285; Gonzales v. Saux, 119 La. 657, 44 South. 332; Weber v. Martinez, 125 La. 663, 51 South. 679.
For the reasons assigned, the judgment appealed from is annulled and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff and against defendants, decreeing him the owner of a certain tract of land, with all of the buildings and improvements thereon, situated in the parish of Plaquemines on the left bank of the Mississippi river, about 60 miles below the city of New Orleans, La., and being the south half of that certain tract designated as in township 19, range 16, consisting of sections 2, 3, 4, and half of section 5, having 15 acres front on the river, by 40 arpents depth, bounded above by lands formerly owned by Samuel Allen, and on the south by lands formerly owned by George Johnson, together with all the buildings and improvements thereon and thereunto belonging; and that the defendants pay all costs.
PROVOSTT, J., concurs in the decree.