No. 435

First Circuit

HENDERSON v. LAMBERT

(May 7, 1929. Opinion and Decree.)

A. B. Cavanaugh, of Leesville, attorney for plaintiff, appellee.

D. D. Newman, of Leesville, attorney for defendant, appellant.

ELLIOTT, J. Joe Henderson as owner, sues to have a tax sale of the S. ½ of N. E. ¼ and S. ½ of N. W. ¼ of N. E. ¼, Section 19 T. 2 S., R. 11 W. situated in the Parish of Vernon, this state, made to E. D. Boone, decreed to be null and void on several grounds alleged in the petition. The sale was based on an assessment against Joe Henderson, as owner, for the year 1925.

The plaintiff alleges his ownership and occupation of the land. One of the alleged grounds of nullity is, that he offered to re-pay to said Boone the taxes, interest and cost. That said Boone refused his tender and subsequently executed a quitclaim title to said land in favor of Leroy Lambert, who now claims said land under said quitclaim.

The defendant, Leroy Lambert, denies the nullities and tender alleged by the plaintiff; but does not allege ownership nor possession in himself. The tax title to Boone is not alleged to have been recorded in the conveyance book. Defendant prays, however, that plaintiff take nothing by the suit, that the suit be dismissed, and for general relief in the premises.

The note of testimony contains the following admission:

"It is admitted that the plaintiff has tendered the amount of taxes, interest, penalties and cost for the year 1925 due on his property, which tender was rejected."

It was shown on the trial that the tender was made to said Boone in person previous to the execution of said quitclaim in favor of Dr. Lambert. The evidence does not indicate that the tax title to Boone has ever been recorded in the conveyance book, as the law requires. We therefore agree with the lower court that, under the showing made, the tender was not only timely made, but operated to set aside the tax sale. Gonzales v. Soux, 119 La. 662, 44 So. 332; State ex rel. Curtis vs. Ross et al., 144 La. 898, 81 So. 386. The tax sale, as the result of said tender, was redeemed and had ceased to have effect previous to the execution of said quitclaim. The plaintiff is entitled to judgment against the defendant as prayed for on that account.

It is not necessary to consider the other grounds on which the tax title is attacked, and as to which we express no opinion.

Judgment was properly rendered in favor of the plaintiff.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.